UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RHONDA DAVIDSON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-3698 |
| | § | |
| JP MORGAN CHASE, N.A., *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before the Court in the above referenced cause, arising out of a noticed, but not executed, foreclosure on Plaintiff Rhonda Davidson's ("Davidson's" or "Plaintiff's") home at 16935 Jelly Park Stone Drive, Cypress, Texas 77429, and alleging breach of contract (Deed of Trust),[1] coercion, duress,[2] intentional misrepresentation, common-law and statutory fraud, and negligent misrepresentation, are the following matters:  (1) a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)(instrument #10), filed by Defendant JPMorgan Chase Bank, N.A. ("Chase"), incorrectly sued as JP Morgan Chase, N.A.; (2) Plaintiff Rhonda Davidson's motion for leave to file a second amended pleading (#16); (3) United States Magistrate Judge Frances Stacy's memorandum and recommendation (#20) that Chase's motion to dismiss be

---

[1] Davidson alleges in ¶ 29 of her First Amended Petition (#9), "The breach of contract is the failure of Defendant to foreclose [in January 2014] as noticed and in compliance with Plaintiff's Deed of Trust and the Texas Property Code, Chapter 51."  A copy of the Deed of Trust is attached as Exhibit A to Davidson's First Amended Petition (#9).

[2] Davidson's claims of fraud and cooercion appear to include violations of the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. § 392.301(a)(8), providing that a debt collector may not use threats, coercion, or attempts to coerce that employ [certain enumerated practices including] . . . threatening to take an action prohibited by law") and § 392.304(a)(8)("debt collector may not use a fraudulent, deceptive, or misleading representation that employs [certain enumerated practices including] misrepresenting the character, extent, or amount of a consumer debt.").

granted in part and denied in part and that Davidson's motion to amend be granted in part and denied in part; and (4) Chase's objection to the memorandum and recommendation (#21) and request that the Court review it *de novo* pursuant to 28 U.S.C. § 636(b)(1). Davidson has not filed any objections to the memorandum and recommendation.

### Standards of Review

Objections timely filed within fourteen days of entry of the Magistrate Judge's memorandum and recommendation must specifically identify the findings or recommendations for which the party seeks reconsideration. *Byars v. Stephens*, No. 5:13-CV-189-DAE, 2014 WL 1668488, at *2 (Apr. 14, 2014), *citing Thomas v. Arn*, 474 U.S. 140, 151 (1985). The court does not have to consider "'[frivolous, conclusive, or general objections.'" *Id., citing Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). Findings by the Magistrate Judge to which the party specifically objects must be reviewed *de novo* under 28 U.S.C. § 636(b)(1)(C). Findings to which no specific objections are made require that the Court only to decide whether the memorandum and recommendation is clearly erroneous or contrary to law. *Id., citing U.S. v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Federal Rule of Civil Procedure 8(a)(2) provides, "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." When a district court reviews a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), it must construe the complaint in favor of the plaintiff and take all well-pleaded facts as true. *Randall D. Wolcott, MD, PA v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011), *citing Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). The plaintiff's legal conclusions are not entitled to the

same assumption.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."), *citing Bell Atlantic Corp. v. Twombly*, 556 U.S. 662, 678 (2007); *Hinojosa v. U.S. Bureau of Prisons*, 506 Fed. Appx. 280, 283 (5th Cir. Jan. 7, 2012).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)(citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Id.* at 1965, *citing* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action").  "*Twombly* jettisoned the minimum notice pleading requirement of *Conley v. Gibson*, 355 U.S. 41 . . . (1957) ["a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"], and instead required that a complaint allege enough facts to state a claim that is plausible on its face."  *St. Germain v. Howard*,556 F.3d 261, 263 n.2 (5th Cir. 2009), *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)("To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"), *citing Twombly*, 127 S. Ct. at 1974).  "'A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Montoya v. FedEx Ground Package System, Inc.*, 614 F.3d 145, 148 (5th Cir. 2010), *quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The plausibility standard is not akin to a "probability requirement," but asks for more than a "possibility that a defendant has acted unlawfully." *Twombly*, 550 U.S. at 556. Dismissal is appropriate when the plaintiff fails to allege "'enough facts to state a claim to relief that is plausible on its face'" and therefore fails to "'raise a right to relief above the speculative level.'" *Montoya*, 614 F.3d at 148, *quoting Twombly*, 550 U.S. at 555, 570.

On a Rule 12(b)(6) review, although generally the court may not look beyond the pleadings, the Court may examine the complaint, documents attached to the complaint, and documents attached to the motion to dismiss to which the complaint refers and which are central to the plaintiff's claim(s), as well as matters of public record. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC,* 594 F.3d 383, 387 (5th Cir. 2010), *citing Collins*, 224 F.3d at 498-99; *Cinel v. Connick*, 15 F.3d 1338, 1341, 1343 n.6 (5th Cir. 1994). *See also United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003)("the court may consider . . . matters of which judicial notice may be taken"). Taking judicial notice of public records directly relevant to the issue in dispute is proper on a Rule 12(b)(6) review and does not transform the motion into one for summary judgment. *Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. 2011). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Federal Rule of Civil Procedure 9(b) provides,

In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person must be averred generally.

"In every case based upon fraud, Rule 9(b) requires the plaintiff to allege as to each

individual defendant 'the nature of the fraud, some details, a brief sketch of how the fraudulent scheme operated, when and where it occurred, and the participants." *Hernandez v. Ciba-Geigy Corp. USA*, 200 F.R.D. 285, 291 (S.D. Tex. 2001). Rule 9(b) requires the plaintiff to plead "with particularity the circumstances constituting fraud or mistake," "'specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" *Southland Securities Corp. v. INspire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004), *quoting Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177-78 (5th Cir. 1997), *cert. denied*, 522 U.S. 966 (1997). "'In cases concerning fraudulent misrepresentation and omission of facts, Rule 9(b) typically requires the claimant to plead the type of facts omitted, the place in which the omissions should have appeared, and the way in which the omitted facts made the representations misleading.'" *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006), *quoting United States ex. rel. Riley v. St. Luke's Hosp.*, 355 F.3d 370, 381 (5th Cir. 2004).

Unlike the alleged fraud, Rule 9(b) allows a plaintiff to plead intent to deceive or defraud generally. Nevertheless a mere conclusory statement that the defendant had the required intent is insufficient; the plaintiff must set forth specific facts that raise an inference of fraudulent intent, for example, facts that show the defendant's motive. *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994)("Although scienter may be averred generally, case law amply demonstrates that pleading scienter requires more than a simple allegation that a defendant had fraudulent intent. To plead scienter adequately, a plaintiff must set forth specific facts that support an inference of fraud."); *Melder v. Morris*, 27 F.3d 1097, 1102 (5th Cir. 1994).

A dismissal for failure to plead with particularity in accordance with Rule 9(b) is treated as a Rule 12(b)(6) dismissal for failure to state a claim. *Lovelace v. Software Spectrum, Inc.*, 78

F.3d 1015, 1017 (5th Cir. 1996).

Federal Rule of Civil Procedure 15(a) provides in relevant part,

(1) ***Amending as a Matter of Course***.  A party may amend its pleading once as a matter of course within:
(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2)***Other Amendments***.  In all other cases a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

Plaintiff's motion for leave to amend was timely filed, so Rule 15(a) applies.  A court has discretion in deciding whether to grant leave to amend.  *Foman v. Davis*, 371 U.S. 178, 181 (1962).  Since the language of Federal Rule of Civil Procedure 15(a) "'evinces a bias in favor of granting leave to amend," the court must find a "substantial reason" to deny such a request.  *Ambulatory Infusion Therapy Specialists, Inc. v. Aetna Life Ins. Co.*, Civ. A. No. H-05-4389, 2006 WL 2521411, *3 (S.D. Tex. Aug. 29, 2006), *quoting Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004), and *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004).  Factors for the court to consider in determining whether there is a substantial reason to deny a motion for leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment."  *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).  To decide if an amendment would be futile, the court applies the same standard as that for a Rule 12(b)(6) motion to dismiss.  *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000).  The court should deny leave to amend if it determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on

its face . . . ."  6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Proc.* § 1487 (2d ed. 1990).

**Applicable Law**

To prevail on a breach of contract claim under Texas law, a plaintiff must prove "'(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach.'"  *Smith Int'l, Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007), *quoting Valero Mktg. & Supply Co. v. Kalama Int'l, LLC*, 51 S.W. 3d 345, 351 (Tex. App.--Houston [1[st] Dist.] 2001).

A plaintiff must identify specific contract terms and allege how those terms were violated for a breach of contract claim.  *Franco v. U.S. Bank Nat. Ass'n*, No. SA-14-CV-636-XR, 2014 WL 4441224, at *4 (W.D. Tex. Sept. 8, 2014), *citing Mae v. U.S. Prop. Solutions, LLC*, Civ. A. H-08-3588, 2009 WL 1172711 (S.D. Tex. Apr. 28, 2009).

"Under Texas law, '[i]t is a well established rule that a party to a contract who is himself in default cannot maintain a suit for its breach.'"  *Langlois v. Wells Fargo Bank Nat. Ass'n*, ___ Fed. Appx. __, 2014 WL 4402977, at *3 (5th Cir. Sept. 8, 2014), *quoting Dobbins v. Redden*, 785 S.W. 2d 377, 378 (Tex. 1990).  "[N]othing in the Texas Property Code or the case indicat[es] the notice of acceleration far in advance of the foreclosure should provide the basis for rescinding an otherwise valid foreclosure sale.  In fact, the statute focusing on the notice of default and notice of foreclosure provides only a minimum amount of notice before sale, twenty-one days, not a maximum."  *Franco v. U.S. Bank Nat. Ass'n*, No. SA-14-CV-636-XR, 2014 WL 4441224, at *3 (W.D. Tex. Sept. 8, 2014), *citing* Tex. Prop. Code § 51.002(b), and *JP Morgan Chase Bank, N.A. v. Dixon*, 541 Fed. Appx. 423, 428-29 (5th Cir. 2013)("We are not persuaded

by Dixon's argument that the two year lag time between the 2008 default notice and the 2010 notice of acceleration somehow invalidated the foreclosure proceedings.").

Regarding a plaintiff's claim that a mortgagee waived its right to foreclosure due to the passage of time, a clause in a Deed of Trust stating that "any forbearance by [defendant] in exercising any right or remedy . . . shall not be a waiver of or preclude the exercise of any right or remedy" is enforceable to prevent waiver. *Franco*, 2014 WL 4441224, at *3, *citing Watson v. CitiMortgage, Inc.*, 530 Fed. Appx. 322, 326 (5th Cir. 2013)("Texas courts have also made clear that a lienholder does not waive the right to foreclose merely by delaying foreclosure, entering into modification negotiations, or otherwise exercising forbearance . . . ."), and *Simicek v. Wells Fargo Bank, N.A.*, CIV. A. H:12-1545, 2012 WL 5425126 at *3 (S.D. Tex. Sept. 26, 2013)("Wells Fargo's generous forbearance for almost a year, during which time Wells Fargo explored with Plaintiffs possible alternatives to a foreclosure sale, was not a waiver of Wells Fargo's right to foreclose" in light of the forbearance clause in the Deed of Trust.).[3] *See also Lombardi v. Bank of America*, 2014 WL 988541, at *10 (N.D. Tex. Mar. 13, 2014)(Even if the

---

[3] The Deed of Trust at issue here contains the following forbearance clause #9-1, Ex. A, ¶ 11 ("Borrower not Released; Forbearance by Lender Not a Waiver"):

> Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest.  Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest.  Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

The Deed of Trust also states, *id.*, p. 5,

> **No Waiver.**  If the circumstances occur that would permit Lender to require immediate payment in full, but Lender does not requires such payments, Lender does not waive its rights with respect to subsequent events.

mortgagee had previously delayed the foreclosure sale while "review[ing] Plaintiff's modification applications, such a temporary forbearance, as opposed to an actual cancellation, of Lender's rights to accelerate and foreclose cannot reasonably be said to be 'intentional conduct' that was 'inconsistent' with invoking those rights at a later time."), *citing Ulico Cas. Co. v. Allied Pilots Ass'n*, 262 S.W. 3d 773, 778 (Tex. 2008).

The statute of frauds requires that an agreement about the transfer of real property or a modification of such an agreement  must be in writing to be enforceable.  *Martins v. BAC Home Loans Servicing, LP*, 722 F.3d 249, 256 (5th Cir. 2013), *citing* Tex. Bus. & Com. Code § 26.02(b)(a loan agreement for more than $50,000 is not enforceable unless it is in writing) and § 26.01(b)(4)(a promise regarding the transfer of property or modification of a loan must be in writing to be valid).  Any alleged verbal modifications to a loan agreement, including verbal modifications to forbearance agreements that delay repayments of the original loan, are subject to the statute of frauds.  *Langlois*, 2014 WL 4402977, at *3, *citing Williams v. Wells Fargo Bank, N.A.*, 560 Fed. Appx. 233, 239 (5th Cir. 2014)(*per curiam*)(unpublished). "'[A]llowing a borrower to avoid foreclosure by arguing that he was induced to default based on an oral promise not to foreclose during loan modification negotiations 'would allow Plaintiff to circumvent the statute of frauds by essentially enforcing an unenforceable modification agreement.'"  *Young v. Deutsche Bank Nat. Trust Co.*, CIV. A. H-14-1449, 2014 WL 4386028, at *2 (S.D. Tex. Sept. 4, 2014), *citing Martinez v. CitiMortgage, Inc.*, CIV. A. H-13-0727, 2013 WL 2322999, at *2 (S.D. Tex. May 28, 2013)(Atlas, J), and *Serna v. U.S. Bank N.A.,* CIV. A. H-13-2559, 2014 WL 108732, at *2 (S.D. Tex. Jan. 9, 2014)(Werlein, J.)(same).  *See Langlois*, 2014 WL 4402977, at *5 (alleged fraudulent representation that the mortgagee told plaintiff that plaintiff "did not have to pay" directly contradicted the terms of the signed forbearance agreements which provided that

"[e]ach payment must be remitted according to the schedule."), *citing Taft v. Sherman*, 301 S.W. 3d 452, 458 (Tex. App.--Amarillo 2009)("When oral promises are directly contradicted by express, unambiguous terms of a written agreement, the law say that reliance on those oral promises is not justified.").  Agreements to forego or delay foreclosure are also subject to the statute of frauds.  *Williams v. Wells Fargo Bank, N.A.*, 560 Fed. Appx. 233, 238-29 (5th Cir. 2014).

Waiver under Texas law is "an intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right." *Sun Exploration and Prod. Co. v. Benton*, 728 S.W. 2d 35, 37 (Tex. 1987).  Where a waiver is based not on actual renunciation, but on a showing of intent based on inference, "it is the burden of the party who is to benefit by a showing of waiver to produce conclusive evidence that the opposite party 'unequivocally [*sic*] manifested' its intent to no longer assert its claim." *G.H. Bass & Company v. Dalsan Properties-Abilene*, 885 S.W. 2d 572, 577 (Tex. App.--Dallas 1994, no writ), *citing FDIC v. Attavi*, 745 S.W. 2d 939, 947 (Tex. App.--Houston [1[st] Dist.] 1988, no writ.).  Moreover, an oral statement modifying a loan is barred by the statute of frauds, which renders it unenforceable. *Enis v. Bank of America, N.A.*, Civ. A. No. 3:12-CV-0295-D,  2013 WL 1721961, at *5 (N.D. Tex. Apr. 22, 2013).  "Merely applying for a loan modification does not reasonably support a finding" that the defendant promised that one would be granted. *Id.*  Moreover, any alleged oral promise of a modification by the mortgagee fails due to the statute of frauds. *Powell v. BAC Home Loan Services, LP*, No. 4:11-CV-80, 2011 WL 5837250, at *3 (E.D. Tex. Nov. 21, 2011).

"Under Texas law, '[t]he elements of fraud are (1) that a material misrepresentation was made; (2) the misrepresentation was false; (3) when the misrepresentation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive

assertion; (4) the speaker made the representation with the intent that the other party should rely on it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury.'" *Langlois*, 2014 WL 4402977, at *4, *quoting Aquaplex, Inc. v. Rancho La Valencia, Inc.*, 297 S.W. 3d 768, 774 (Tex. 2009).

An intentional misrepresentation (or fraud by misrepresentation) claim is synonymous with a fraud claim and must satisfy Rule 9(b)'s heightened pleading standards. *Kinder v. Federal Nat. Mortg. Ass'n*, Civ. A. No. 3:13-CV-4617-G(BN), 2014 WL 4271149, at *6 (N.D. Tex. Aug. 29, 2014), *citing Renfro v. CTX Mortg. Co.*, No. 3:11-cv-3132-L, 2012 WL 3582752, at *7 (N.D. Tex. Aug. 20, 2012). A plaintiff must specify "'the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" *Wilson v. Wells Fargo Bank, Nat. Ass'n*, 2014 WL 815352, at *10 (N.D. Tex. Mar. 3, 2014), *quoting Williams v. WMX Techs.*, 112 F.3d 175, 177 (5th Cir. 1997). The elements of intentional misrepresentation are that (1) the defendant made a material representation that was false, (2) the defendant knew that the representation was false or he made it recklessly without any knowledge of its truth; (3) the defendant intended to induce plaintiffs to act upon the representation; and (4) the plaintiffs actually and justifiably relied on the representation and thereby suffered injury. *Id., citing Ernst & Young, LLP v. Pacific Mut. Life Ins. Co.*, 51 S.W. 3d 573, 577 (Tex. 2001). Such a claim may be barred by the economic loss doctrine when "the parties' relationship and their attendant duties arise out of contract." *Kinder*, 2014 WL 4271149, at *7.

The elements of a negligent misrepresentation claim under Texas law are "(1) a representation made by a defendant in the course of his business or in a transaction in which he had a pecuniary interest; (2) the defendant supplies 'false information' for the guidance of

another; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation." *Fed. Land Bank Ass'n of Tyler v. Sloan*, 825 S.W. 2d 439, 442 (Tex. 1991), adopting *Restatement (Second) of Torts* § 552 (1977).   Under Texas law the negligent misrepresentation must be a statement of existing fact and not a promise of future action.  *Milton v. U.S. Bank Nat. Ass'n*, 508 Fed. Appx. 326, 329 (5th Cir. Jan. 18, 2013), *citing De Franceschi v. BAC Home Loans Servicing, L.P.*, 477 Fed. Appx. 200, 205 (5th Cir. 2012).

"What constitutes duress is a question of law for the court.  However, whether duress exists in a particular situation is a question of fact dependent on all the circumstances, including the mental effect on the party claiming duress." *Matthews v. Matthews*, 725 S.W. 2d 275, 278 (Tex. App.--Houston [1[st] Dist.] 1986, writ ref'd n.r.e.).   In *Lujan v. Navistar Financial Corp.*, 433 S.W. 3d 699, 706-07 (Tex. App.--Houston [1[st] Dist.] 2014), the appellate court explained about the affirmative defenses of duress and business coercion,

> "In Texas, the term 'duress' rather than 'coercion' is generally used when parties are seeking to avoid a contract." *Man Indus. (India), Ltd. v. Midcontinent Express Pipeline, LLC*, 407 S.W. 3d 342, 367 (Tex. App.--Houston [14[th] Dist.] 2013)[rev. denied]; *see also Wright v. Sydow*, 173 S.W. 3d 534, 543-44 (Tex. App.--Houston [14[th] Dist.] 2004, pet. denied)("Generally, when one coerces another to execute a contract by taking undue or unjust advantage of the person's economic necessity or distress, the contract may be invalid or unenforceable.  This legal theory is called economic duress.").   "A common element of duress in all its forms (whether called duress, implied duress, business compulsion, economic duress or duress of property) is improper or unlawful conduct or threat of improper or unlawful conduct that is intended to and does interfere with another person's exercise of free will and judgment." *Dallas Cnty. Cmty. Coll. Dist. v. Bolton*, 185 S.W. 3d 868, 878-79 (Tex. 2005).

To prevail on an independent tort claim for duress or coercion, the plaintiff must show among other things that the defendant threatened to do something it had no legal right to do.  *Turner Industries Group, LLC v. Intern. Union of Operating Engineers*, __ F. Supp. 2d __, Civ. No. H-

13-0456, 2014 WL 2112854, at *19 (S.D. Tex. 2014), *citing Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp.*, 994 S.W. 2d 830, 837 (Tex. App.--Houston [1st Dist.] 1999).

The economic loss rule or doctrine bars a plaintiff's tort claims, e.g., fraud and negligent and intentional misrepresentation claims, "[w]hen the injury is only the economic loss to the subject of a contract itself"; if it is, "the action sounds in contract alone." *Southwest Bell Tel. Co. v. DeLanney*, 809 S.W. 2d 493, 495 (Tex. 1991). *See also Memorial Hermann Healthcare Sys., Inc. v. Eurocopter Deutschland, GMBH*, 524 F.3d 676, 678 (5th Cir.2008)("A party's conduct may often ostensibly implicate both contractual obligations and various tort duties. Under Texas' economic loss rule . . . no duty in tort exists when plaintiffs have suffered only economic losses."); *Lamar Homes, Inc, v. Mid Continent Cas. Co.*, 242 S.W. 3d 1, 12 (Tex. 2007)(under Texas law the economic loss rule "generally precludes recovery in tort for economic losses resulting from the failure of a party to perform under a contract."). To determine if a tort claim is barred by the economic loss doctrine, the court should examine (1) whether the claim is for a breach of a duty created by the contract as opposed to a duty imposed by law, and (2) whether the injury is only the economic loss to the subject of the contract itself. *Formosa Plastics Corp. USA v. Presidio Engineers and Contractors, Inc.*, 960 S.W. 2d 41, 45-47 (Tex. 1998). Usually "under Texas law, a plaintiff may not recover in tort for claims arising out of an unenforceable contract under the statute of frauds." *Hugh Symons Group, plc v. Motorola, Inc.* 292 F.3d 466, 470 (5th Cir. 2002), *citing Haase v. Glazner*, 62 S.W. 3d 795, 799 (Tex. 2002).

To the extent that a plaintiff's fraud claim seeks out-of-pocket damages incurred by relying on misrepresentations "over and above the economic loss to the subject matter of the note and deed of trust," those damages are not part of the benefit of any bargain between the parties and may be recovered without triggering the statute of frauds. *Hugh Symons Group, plc v.*

*Motorola, Inc.*, 292 F.3d 466, 470 (5th Cir. 2002); *Haase v. Glazner*, 62 S.W. 3d 795, 799-800 (Tex. 2001).

An exception to the economic loss rule recognized by the Texas Supreme Court is a fraudulent inducement claim. *Sharyland Water Supply Corp. v. City of Alton*, 354 S.W. 3d 407, 417 (Tex. 2011); *Formosa Plastics*, 960 S.W. 2d at 46-47 ("[T]ort damages are recoverable for a fraudulent inducement claim irrespective of whether the fraudulent representations are later subsumed in a contract or whether the plaintiff suffered an economic  loss related to the subject matter of the contract.").   The economic loss doctrine also does not bar fraud or fraudulent misrepresentation claims.  *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 764-65 (N.D. Tex. 2012)(collecting cases).

Usually promissory estoppel is a defensive claim but it can be a cause of action for a "promisee who has reasonably relied to his detriment on an otherwise unenforceable promise." *Hurd*, 880 F. Supp. 2d at 761.   "Promissory estoppel is a narrow exception to the statute of frauds." *Trammel Crow Co. v. Harkinson*, 944 S.W. 3d 631, 636 (Tex. 1997).  To prevail on a claim for promissory estoppel, a plaintiff must demonstrate (1) a promise, (2) foreseeability of reliance on the promise by the promisor, and (3) substantial detrimental reliance by the promisee. *Metropolitan Life Ins. Co. v. Haden & Co.*, 158 F.3d 584, 584 (5th Cir. 1998), *citing English v. Fischer*, 660 S.W. 2d 521, 524 (Tex. 1983).   A promissory estoppel argument fails, however, unless the promisee shows that the promisor promised to sign a written agreement that complies with the statute of frauds and that the agreement was in writing at the time the oral promise to sign was made.  *Hurd*, 880 F. Supp. 2d at 761, *citing Schuhart v. Chase Home Fin., LLC*, 2006 WL 1897263, at *4 (S.D. Tex. July 10, 2006), *citing Nagle v. Nagle*, 633 S.W. 2d 796, 800 (Tex. 1982), and *Southmark Corp. v. Life Investors, Inc.*, 851 F.2d 763, 769 (5th Cir. 1988).  "'A claim

of promissory estoppel generally cannot be used to circumvent Texas' statute of frauds, which requires certain 'promises' to be in writing.'  Only when the alleged promise is a promise to sign an already existing written agreement that itself would satisfy the requirements of the statute of frauds, will a claim of promissory estoppel survive." *Thompson v. Bank of America, N.A.*, __ F. Supp. 2d __, 2014 WL 1373505, at *8 (N.D. Tex. Apr. 7, 2014), *citing Ezennia v. Wells Fargo Bank, N.A.*, H-10-5004, 2012 WL 1556170, at *4 (S.D. Tex. Apr. 27, 2012).  In addition, Texas courts have held that a promissory estoppel claim can only be brought in the absence of a valid and enforceable contract.  *Id.* at *9, *citing Tremble v. Wells Fargo Home Mortg., Inc.*, 478 Fed. Appx. 164, 166 (5th Cir. 2012)(*per curiam*).

In Texas, a plaintiff may recover for unjust enrichment when the defendant "obtained a benefit from him by fraud, duress, or taking of undue advantage."  *Heldenfels Bros. v. City of Corpus Christi*, 832 S.W. 2d 39, 41 (Tex. 1992).  "There can be no recovery based on [unjust enrichment] when the same subject matter is covered by an express contract."  *Baxter v. PNC Bank Nat'l Ass'n*, 541 Fed. Appx. 395, 397 (5th Cir. 2013).  "'A party can plead legal and equitable claims in the alternative, but only when one party disputes the existence of a contract governing the dispute.'"  *Johnson v. Wells Fargo Bank, NA*, __ F. Supp. 2d __, No. 3:13-cv-1793-M, 2014 WL 717191, at *6 (N.D. Tex. Feb. 24, 2014), *quoting Taliaferro v. Samsung Telecomms. Am., Inc.*, No. 3:11-cv-1119-D, 2012 WL 169704, at *9 (N.D. Tex. Jan. 19, 2012). Here both sides acknowledge the existence of a valid contract in the Deed of Trust.

### Allegations of Davidson's First Amended Petition (#9)

Davidson admits that she made her last mortgage payment on her house to Chase Home Finance on April 1, 2009.  On April 27, 2009 she lost her job and called Chase Bank ("Chase") to try to obtain a modification or some type of financial assistance so that she could keep her

home.  She was told that she had to miss several payments before she could apply for assistance, and she did so.  Subsequently her first three requests for modification were denied.  In her fourth attempt in June and July 2011, she spoke to the Vice President of Chase, who referred her to the bank's loss mitigation department.  That department told her it would do a modification and postpone the foreclosure that had been noticed and posted for June 7, 2011.  It re-noticed and re-posted the foreclosure for August 2, 2011.[4]  Davidson contends that "Chase intentionally deceived and made misrepresentations to Plaintiff causing her to stop making her monthly payments, engage in four separate modifications attempts only to set her house for foreclosure.  Chase then deceived and misrepresented that the house was to be foreclosed the first Tuesday of August, accepting her keys to the property, then did not foreclose . . . ."  #9 at p. 8.

Before June 7, 2011 Davidson represents that she met face-to-face with various people from the loss mitigation department and gave them the documents they requested, but that they denied her a modification on the grounds that she earned too much money.  Based on the loss mitigation department's information that the property was statutorily set for foreclosure on August 2, 2011 and its direction where to turn in her keys, Davidson turned over her keys,

---

[4]  According to the First Amended Petition (#9, ¶17 [*sic*]), the Deed of Trust evidencing Davidson's mortgage contains a power of sale clause that sets out the procedure that was followed by Chase for a non-judicial power of sale foreclosure:

> Pursuant to Texas law, (Property Code Chapter 51) Defendant mailed to the Plaintiff, a letter of demand, informing Rhonda Davidson that she had twenty (20) days to pay the delinquent payments, or foreclosure proceedings will begin.  The total amount owed on the principal was provided in the statutory notice.
> b.  Defendant at some point, at least twenty one (21) days before the foreclosure sale:  1) filed a notice of the foreclosure with the county clerk; 2) mailed to the Plaintiff at her last known address notice of the foreclosure; and 3) posted on the county courthouse door a copy of the foreclosure notice containing the required information and complying with Texas Property Code.
>
> c.  The foreclosure was set for June 7, 2013, and then reset for August 2, 20[13] all in compliance with Texas Property Code, Chapter 51.

moved out of the property, and rented an apartment.

In February 2012, Davidson learned during a telephone call from a Chase representative that Chase had never foreclosed on her house, which had been sitting empty since she had moved out in July 2011, and that she was liable for late fees and interest which had been accruing monthly.  She filed a complaint with Chase, and then, following an offer from Chase, made a fifth request for a loan modification.  Defendant directed her to move back into her house while it considered her application for a modification.  She did so in July 2013 so as to be eligible for a loan modification, and she paid to reconnect the utilities.[5]  That fifth request for a modification was denied in September 2013, again because she earned too much money.  Foreclosure was noticed and posted for January 7, 2014 (Ex. B).  At that point she was over four years in arrears on late fees and interest; if the house had been foreclosed as originally agreed, she would only be two years in arrears.

The Magistrate Judge focused on the following paragraphs of Plaintiff's First Amended Petition (#20 at pp. 3-5 [*sic*]):

20.  Defendant[6] never received any further communications after August 2011. Defendant is now attempting to charge the Plaintiff with the past four and one-half years of late fees, interest and penalties on the mortgage note. . . .

21.  Plaintiff performed her duties under the contract, followed the directions of Chase when she reported that she had lost her job and stopped making payments. Chase then attempted to modify her loan on four separate attempts between 2009 and 2011.  They denied her on each such attempt. . . .

_____

[5]  Davidson's negligent and intentional misrepresentation claims are based on Chase's representations that she stop making mortgage payments so as to qualify for a modification and then repeatedly denying her applications and Chase's written representations that it was going to foreclose but failure to exercise reasonable care or competence in ensuring that the foreclosure took place, resulting in her being burdened by increased tax consequences, interest, and late fees. #9, ¶¶ 42-43.

[6]  The Court suggests that Davidson might have meant Plaintiff here.

22. Defendant, through its carelessness and misrepresentations, directed plaintiff where to turn in her keys as the property was scheduled for foreclosure on August 2, 2011.  Plaintiff again followed the directions of the bank.  Chase intentionally deceived and made misrepresentations to Plaintiff causing her to stop making her monthly payments, engage in four separate modifications attempts only to set her house for foreclosure.  Chase then deceived and misrepresented that the house was to be foreclosed on the first Tuesday of August 2011, accepting her keys to the property then did not foreclose, though due and proper notice pursuant to the Texas Property Code and Plaintiff's Deed of Trust was provided by Defendant.

23.  . . . .  Chase is now attempting to charge [Davidson] for interest, penalties, late fees, and two foreclosures due to [the Bank's] failure to foreclose as posted.  Plaintiff never received notice of the recession of the foreclosure posting, nor did she receive notice that she was continually being charged for the house not being foreclosed as posted.  Plaintiff also never received a mortgage statement or any other notices that the loan was still active and continuing to incur late fees.

24.  Defendant reported to all three credit bureaus, Transunion, Equifax and Experian, all payments from August 2011 through present as being late, when in fact the house was supposed to have been foreclosed and relieved the Plaintiff of said obligation.  Plaintiff lost the protection she was afforded under the Mortgage Debt Relief Act of 2007.[7]  Plaintiff would have been protected from having any tax liability for any debt under the loan not paid for through the foreclosure after being forgiven of said debt.  According to Texas Property Code Section 61.003, the right to sue for a deficiency judgment after a foreclosure is limited to two (2) years from the date of the sale.  It has now been more than two (2) years since the posted sale and Plaintiff should be free from liability under Texas statutes.  As Defendant did not foreclose, she is still facing that liability. . . .

29.  The breach of Contract is the failure of Defendant to foreclose as noticed and in compliance with Plaintiff's Deed of Trust and the Texas Property Code,

---

[7] This Court observes that although it is a long established principle that debt forgiveness constitutes gross income, the Mortgage Forgiveness Debt Relief Act of 2007, Pub. L. No. 110-142, Dec. 20, 2007, 121 Stat. 1803 (2007), codified at § 108 (Supp. II 2008), usually permits taxpayers to exclude taxes on a debt reduced or forgiven through mortgage restructuring and mortgage debt forgiven because of foreclosure on their principal residence from 2007-2012. Michael Babbitt, Eric Gerth and Mary McGrane, *Workout options in general--Short Sales to avoid foreclosure*, 1 L. Distressed Real Est. § 3B:8 & nn. 16 and 17 (database updated Aug. 2014); Kristy A. Hernandez, *Educating Underwater Homeowners on the Options for Keeping or Leaving Their Homes*, 2012 WL 4364153, Aspatore (Oct. 2012).

Plaintiff's First Amended Petition alleges that she faces receiving a 1099 form when the house does foreclose and will be suffer a large tax consequence based upon a minimum amount of $50,000, additional interest and late fees in excess of $25,000 that she would not have incurred had the property foreclosed as noticed and posted.  #9, ¶ 42, p. 13.

Chapter 51.

**Magistrate Judge's Memorandum and Recommendation (#20)**

Magistrate Judge Stacy emphasized that the Deed of Trust provided for foreclosure as required by the Texas Property Code, as well as by the Deed of Trust's own terms, which Chase followed in noticing foreclosures of Davidson's property on June 7, 2011,  August 2, 2011, and January 7, 2014.

Regarding Davidson's breach of contract claim, Magistrate Judge Stacy notes that Chase objects that Davidson's claim fails because she does not identify any specific provision of the Note or Deed of Trust that Chase purportedly breached nor plead supporting facts and that Davidson has not performed her obligations under the Deed of Trust after April 2009, when she defaulted on her mortgage payments.  Davison argues that even if she was the first to breach the Deed of Trust, Chase fraudulently induced her into breaching the contract by telling her to stop making payments so she could apply for a loan modification.  Moreover even if she breached the contract, Chase had no right to violate the statutory process, which the parties had agreed would control in the event of a breach, nor to unjustly enrich itself by prematurely taking possession and control of her property before it was sold at a foreclosure sale, unilaterally delaying the sale for over two years and then unilaterally trying to reinstate the loan and charge her more interest, penalties, and fees without ever rescinding the acceleration.  Magistrate Judge Stacy quotes *Hernandez v. U.S. Bank, N.A.*, No. 3:13-cv-2164-O, 2013 WL 6840022 (N.D. Tex. Dec. 27, 2013)(*quoting Franklin v. BAC Home Loans Servicing, LP*, No. 3:10-cv-1174-M, 2011 WL 248445, at *2 (N.D. Tex. Jan. 26, 2011)):

> "The issue is whether Plaintiff can maintain a cause of action for [Defendants']
> breach of its [*sic*] obligations under the [Deed of Trust], even though Plaintiff did
> not tender full performance.  It is illogical for the Court to conclude that Plaintiff

cannot enforce [Defendants'] obligations, assumed to be contractual, which arise
after Plaintiff's default merely because Plaintiff is in default.  If that were
appropriate, then the [alleged contractual notice provisions] would become
practically meaningless."

#20 at p. 8.[8]

Although Chase contends that Davidson relies "on the erroneous assumption that a lender
cannot postpone a foreclosure sale after it sends a notice of sale,"[9] the Magistrate Judge opined
that Chase misses Davidson's point, which is not that Chase could not postpone the foreclosure
sale.  Instead, Davidson is alleging that Chase "cannot hold her liable for interest payments,
penalties, taxes and insurance payments after Chase accelerated the loan, noticed the foreclosure,
posted the sale, failed to notify her of its unilateral decision not to sell the Property, and took
physical possession of her Property, a right which it had not validly obtained because it had not
followed through with the foreclosure."  #20 at p. 8.  Analogizing Chase's claim to a duty to
mitigate damages,[10] Davidson objects that she is not liable to Chase for its unexplained and

---

[8] Chase objects that *Hernandez* is not applicable to the situation here because in that suit the **deed of trust itself required** the mortgage servicer to give notice of acceleration and the right to reinstate before foreclosing, and the court determined that the contractual notice requirement would only be triggered after the borrower defaulted on his mortgage payments.  The court in *Hernandez* cited *Franklin v. BAC Home Loans*, 2011 WL 248445, at *2 and n.14, in which the district court found that the  Note and Deed of Trust incorporated HUD regulations by reference and therefore the defendant's violation of the HUD regulations provided a basis for a breach of contract claim. "It is illogical for the Court to conclude that Plaintiff cannot enforce BAC's obligations, assumed to be contractual, which arise after Plaintiff's default, merely because Plaintiff is in default.  If it were appropriate, then the HUD regulations would become practically meaningless." *Id.* at *2.  The *Hernandez* court also cited *Miller v. Citimortgage*, 970 F. Supp. 2d 568, 580 (N.D. Tex. 2013), which also cited *Franklin*, and in which the district court found that although Plaintiff did not make all timely mortgage payments, the contractual terms that she alleges were breached by defendant are terms that would come into effect if the lender claims a default and provides notice.  Here, argues Chase, the Deed of Trust imposes no obligation on Chase to foreclose within a set time period nor to advise Davidson if the foreclosure sale is postponed, so it did not breach the contract.

[9] #12 at p.1.

[10] Chase contends that it has no duty to mitigate damages under Texas law, and this Court has

unilateral delay of the foreclosure process, in particular where it did not rescind the acceleration or notify her that it was not going to sell the property in compliance with its statutory notice and wrongfully took physical possession of her property.  *Id.*  Magistrate Judge Stacy found that Davidson stated a plausible claim against Chase for breach of contract based on Chase's failure to follow procedures in the Deed of Trust concerning foreclosure as noticed and posted on August 2, 2011 and prematurely taking control of the property.

Davidson claims that the additional two years of late fees, penalties and interests when Chase had unlawful possession and control of the property after accelerating the loan violated the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code §§ 392.001 *et seq.*  When the loan was accelerated in August 2011 and the acceleration was not subsequently rescinded, the full amount for which she was in arrears under the mortgage loan became due and she no longer had a right to make payments on it because of the acceleration.  Chase did not explain why it was legally justified in increasing by January 2014 the amount it said was due in August 2011.  The Magistrate Judge found that Davidson had stated a plausible claim under the TDCA that Chase unlawfully possessed the Property and misrepresented the character, extent, and amount of her debt.

Magistrate Judge Stacy examined paragraphs 32-39 of the First Amended Complaint with

---

been unable to find any authority that says otherwise or that even addresses a lender's duty to mitigate damages when it does not foreclose after providing the borrower with appropriate statutory notice of the foreclosure. Chase cites *Cocke v. Meriden Sav. Assoc.*, 778 S.W. 2d 516, 520 (Tex. App.--Corpus Christi 1989)("We decline to create a duty to mitigate [such as that in contract law] in property law.  In property law, a party who believes the foreclosed property was sold for an inadequate price can seek avoidance of a deed of trust foreclosure with proof of grossly inadequate price and irregularities that were calculated to cause and did contribute to the inadequacy in price," i.e., file a wrongful foreclosure cause of action.), *citing Collum v. DeLoughter*, 535 S.W. 2d 390, 392 (Tex. Civ. App.--Texarkana 1976, writ ref'd n.r.e.).  Chase also points out that a failure to mitigate damages may be raised as a defense to damages, but it is not grounds for damages.  #21 at p. 5.

respect to Davidson's common law fraud claim and found that although Davidson failed to name specific Chase representatives with whom she dealt, she did sufficiently satisfy the "what, when, where and how" requirements of Rule 9(b).   #20, pp. 10-12.   The Magistrate Judge recommended that the fraud claim not be dismissed.

As for Davidson's statutory fraud claim, Magistrate Judge Stacy concluded that Section 27.01(a) of the Texas Business and Commerce Code "only applies to misrepresentations of material fact made to induce another to enter into a contract for the sale of land or stock," and "[a] loan transaction, even if secured by land, is not considered to come under the statute." *Burleson State Bank v. Plunkett*, 27 S.W. 3d 605, 611 (Tex. App.--Waco 2000, pet. denied), and *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 343 (5th Cir. 2008).   This Court agrees with the Magistrate Judge's conclusion and adopts her recommendation that the statutory fraud claim should be dismissed.

Magistrate Judge Stacy found that Davidson adequately pleaded her negligent misrepresentation claims that (1) Chase purposely misrepresented that the foreclosure sale was going to take place on August 2, 2011 when it knew or should have known that it would not and (2)  Chase's subsequent omission to inform Davidson for two years that a foreclosure sale never took place so that Davidson unknowingly remained the legal owner of the house and did not act to prevent its deterioration.  The Magistrate Judge found the same in regard to Davidson's claim that Chase represented that she had to move out and turn over her keys before the sale and two years later that she should move back in and apply again for a modification of the loan.  The Magistrate Judge also recommended denying the Rule 12(b)(6) motion as to Davidson's claim that Chase misrepresented to credit-reporting agencies that she failed to make loan payments between August 2, 2011 and 2012 on an accelerated note and thereby damaged her credit scores.

Magistrate Judge Stacy also concluded that Davidson's claim for economic duress and coercion failed because she did not allege that Chase threatened to do an act it had no legal right to do or that her "free agency" was destroyed by Chase's alleged actions.  This Court agrees with this determination and adopts her recommendation that the duress/coercion clams be dismissed.

Regarding the economic loss rule, the Magistrate Judge concluded that Davidson's claims regarding the alleged misrepresentation that she should move back into the property in 2012 and Chase's alleged misrepresentations to credit reporting agencies are not barred by the economic loss rule because they do not arise from the language of the Deed of Trust and Note.  She did recommend dismissal of Davidson's claims of misrepresentation that (1) foreclosure was imminent on August 2, 2011, (2) the purposeful omission that Chase subsequently did not follow through on the foreclosure,[11] and (3) Davidson was required to move out, abandon her home, and turn her keys over to Chase before Chase had a legal right to possession and control by completing the foreclosure because these claims are barred by the economic loss rule.  Nevertheless, she noted that these allegations do support Davidson's breach of contract claim.

As for Davidson's motion for leave to file her Second Amended Petition, Magistrate Judge Stacy  found that her timely request for leave to amend was not made to delay the proceedings or in bad faith.  The Magistrate Judge noted that Davidson had already been given an opportunity to amend her pleadings, that there was no reasonable likelihood that she could state a plausible claim against Chase for coercion or duress, but that she might be able  enhance her breach of contract, fraud, and negligent misrepresentation  causes of action by adding facts that Chase actually changed the locks and removed her personal property before it had a legal

---

[11] "When one has a duty to speak, both concealment and silence can constitute fraudulent misrepresentation; an overt act is not required."  *AT&T Universal Card Servs. v. Mercer (In re Mercer)*, 246 F.3d 391, 404 (5th Cir. 2001).  Chase argues that it had no duty under the Deed of Trust to "speak" or otherwise to inform Davison that the foreclosure had not been completed.

right to do so.

As a matter of law, and because it finds that allowing repleading would be futile with regard to some claims, the Court adopts the Magistrate Judge's recommendation that the following two causes of action be dismissed:  (1) coercion and duress because Chase had a legal right to foreclose on Davidson's property; and (2) statutory fraud under Section 27.01(a) of the Texas Business and Commerce Code because it "only applies to misrepresentations of material fact made to induce another to enter into a contract for the sale of land or stock," and "[a] loan transaction, even if secured by land, is not considered to come under the statute" *(Burleson State Bank v. Plunkett*, 27 S.W. 3d at 611).

### Chase's Objection (#21) and the Court's Ruling

Chase argues that the Magistrate Judge erred in allowing Davidson to proceed on her claims for breach of the Deed Trust, violations of the Texas Debt Collection Act ("TDCA"), fraud, and misrepresentation, despite the fact that Davidson conceded that  she has not made a mortgage payment since April of 2009, that Chase had no duty to notify Davidson that her property was not sold at foreclosure, and that Davidson cannot recover charges for interest, late fees, and penalties that she has not paid.

Regarding Davidson's breach of contract claim, the Deed of Trust allowed, but did not require, Chase to foreclose in August 2011 or to notify Davidson of any delays in the foreclosure process.  Paragraph 18 of the Deed of Trust, alone, addresses foreclosure:

> **Foreclosure Procedure**.  If Lender requires immediate payment in full under paragraph 9, Lender may invoke the power of sale and any other remedies permitted by applicable law.  Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

#9-1, Ex. 1.  The Deed of Trust does not impose any duty on Chase to provide notice that a

foreclosure did not occur.  Furthermore, in paragraph 11, the document expressly states, "Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy."  *Id*.  This Court agrees with Chase.  *See* pages 10-12 and n.3 of this Opinion and Order.  Davidson does not cite, nor has this Court found, any authority for the proposition that Chase had to foreclose on Davison's property in August 2011, no less point to a contractual obligation to do so.  This Court also finds that Davidson's failure to identify specific contract provisions that she claims were breached by Chase and to allege how those terms were violated further evidences this deficiency in Davidson's breach-of-contract claim.  *Franco v. U.S. Bank Nat. Ass'n*, No. SA-14-CV-636-XR, 2014 WL 4441224, at *4 (W.D. Tex. Sept. 8, 2014), *citing Mae v. U.S. Prop. Solutions, LLC*, Civ. A. H-08-3588, 2009 WL 1172711 (S.D. Tex. Apr. 28, 2009).

Relating to Davidson's breach of contract claim, this Court further concludes that Davidson's allegation that in April 2009 Chase orally instructed her not to pay her monthly mortgage payment after April 2009 so that she would be qualified to apply for a loan modification is not authorized in the of the Deed of Trust and is barred by the statute of frauds because any allegation that Chase committed fraud or fraudulently induced Davidson to stop her mortgage payments is time-barred by the statute of limitations.  The record reflects that this suit was filed in state court and served sometime between December 5, 2013 and December 18, 2013, when it was removed by Chase to this Court.  The statute of limitations for fraud and fraudulent inducement in Texas is four years.  Tex. Civ. Prac. & Remedies Code § 16.004(a)(4).  The alleged oral representations (any time between April and August 2011) contradict the monthly payment requirement in the Note and Deed of Trust and are contrary to the forbearance clause in the Deed of Trust (#9-1, Ex. A, ¶ 11).  *See, e.g., Langlois*, 2014 WL 4402977, at *5 (alleged

fraudulent representation that the mortgagee told plaintiff that plaintiff "did not have to pay" directly contradicted the terms of the signed forbearance agreements which provided that "[e]ach payment must be remitted according to the schedule."), *citing Taft v. Sherman*, 301 S.W. 3d 452, 458 (Tex. App.--Amarillo 2009)("When oral promises are directly contradicted by express, unambiguous terms of a written agreement, the law says that reliance on those oral promises is not justified."); *Williams v. Wells Fargo Bank, N.A.*, 560 Fed. Appx. at 238-29 (Agreements to forego or delay foreclosure are also subject to the statute of frauds). Moreover, because any fraud or fraudulent inducement allegation regarding the alleged oral representation that Davidson should stop her mortgage payments in April through August 2009 is time-barred, the economic loss rule would also apply to bar a tort claim arising from the same subject matter.[12] *Walker v. Citimortgage, Inc.*, Civ. A. No. H-13-0311, 2014 WL 67245, at *4 (S.D. Tex. Jan. 8, 2012).

Chase objects that even though the Magistrate Judge recognized that Davidson stopped paying her monthly mortgage payments after April 2009, several years before any alleged breach by Chase, she erred in not recommending dismissal of Davison's breach of contract claim. This Court agrees. *See Langlois*, __ Fed. Appx. __, 2014 WL 4402977, at *3 ("Under Texas law, '[i]t is a well established rule that a party to a contract who is himself in default cannot maintain a suit for its breach.'")(quoting *Dobbins v. Redden*, 785 S.W. 2d 377, 378 (Tex. 1990)).[13]   This

---

[12] *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W. 3d 1, 12 (Tex. 2007).

[13] In *Langlois*, the plaintiffs failed to make all their payments under a second and a third written forbearance agreement, in which Wells Fargo promised not to foreclose on the plaintiffs' home during the period of forbearance. *Id.* at *1. The second and third forbearance agreement also set deadlines in a schedule for plaintiffs to make up their delinquent payments. Before signing, the plaintiffs called Wells Fargo because they were afraid they would not be able to make one of the payments. The plaintiffs claimed that Wells Fargo told them over the phone that they would not have to make that payment if they made the two payments before it. Subsequently they argued that they should be allowed to go forward on a breach of contract claim because Wells Fargo's agents had told them over the telephone that they did not have to make  one of the payments. *Id.* The Fifth Circuit concluded that this claim, based on an oral

Court concludes that Davidson has not and cannot state a claim for breach of contract under Texas law because she failed to tender performance of her obligation under the Deed of Trust and the Note to make monthly payments years before she alleges Chase breached the contract. *Mullins v. TestAmerica*, 564 F.3d 386, 418 (5th Cir. 2009). "[A] party to a contract who is himself in default cannot maintain a suit for its breach.'" *Langlois*, 2014 WL 4402977, at *3. The allegations of ways Chase purportedly defaulted on its obligations under the contract are terms that would only come into effect if the lender claims default and pursues acceleration and foreclosure. Davidson stopped making payments in May 2009, before any actions that she identifies as breaches by Defendant took place. Thus her breach of contract claim is dismissed pursuant to Rule 12(b)(6). In sum, this Court concludes that as a matter of law Davidson fails to state a claim against Chase for breach of Deed of Trust. Moreover the Court finds that any effort to amend Davidson's allegations would be futile. Because Davidson was in default of the Deed of Trust's terms,[14] she cannot sue for breach of contract. *May v. Wells Fargo Bank, N.A.*, Civ. Case No. 14:11-cv-3516, 2013 WL 4647673, at * 3 (S.D. Tex. Aug. 29, 2013)("Because Plaintiffs were in default of the contract's terms, they cannot maintain a suit for breach of the contract.").

Chase also objects that the Magistrate Judge did not address the statute of frauds' bar with regard to subsequent alleged oral representations that purport to modify the parties' rights

---

representation, was barred by the statute of frauds because the written forbearance agreements (promising plaintiffs that Wells Fargo would provide them with a loan modification at the end of each forbearance period) were also subject to the statute of frauds because "they delayed repayment of the original loan" and "any verbal modifications of the forbearance agreements are unenforceable under the statute of frauds." *Id.*

[14] #9-1, Ex. A, ¶ 2 provides, "Borrower shall include in each monthly payment, together with the principal and interest set forth in the Note and any late charges, a sum for (a) taxes and special assessment levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premium to the Secretary of Housing and Urban Development . . . ."

under the Note and the Deed of Trust. (#20 at pp. 8-9).  Specifically Magistrate Judge Stacy refers to Davidson's claim that in the summer of 2011 she turned over her keys "per the agreement with loss mitigation at Chase after meeting with Chase representatives in-person." #20 at 5; #9 at 3.  Plaintiff cannot enforce an oral agreement that restricts Chase's express rights and remedies under the Deed of Trust, including its right to forbear and its right to assess interest, penalties and late charges.  Here too, this Court agrees with Chase.[15]

Regarding the Magistrate Judge's assumption that the amount owing on a loan after it is accelerated remains the same even while interest and charges for insurance and escrow continue to mount, or that the creditor must rescind the acceleration to recover additional interest, penalties or late fees, Chase maintains that such a presumption is incorrect.  "The amount of an accelerated, but unpaid, obligation . . . does not remain fixed for very long.  Immediately after acceleration, various fees, costs, expenses and interest (at the rate applicable after default) begin to accrue."  D.  Hull Youngblood, Jr., "Defining Pre-Acceleration 'Debt'--I Owe How Much," Vol. 4, No. 4/Vol. 5, No. 1, Journal of Texas Consumer Law, p. 299 (Summer/Tall 2001), available at http://jtexconsumerlaw.com/Debt.pdf.   The Court also agrees with Chase here. Moreover there is no dispute that Plaintiff never paid the alleged interest, late fees, and penalties assessed after 2009.  (In fact, she lived for free in the house for two years after stopped paying on the mortgage, in breach of the contract, and appears therefore to have been unjustly enriched.) Furthermore, Chase points out, paragraph 10 the Deed of Trust (#9-1, Ex. A) gave Plaintiff the

---

[15] Moreover this Court further finds that Davidson fails to meet the elements for a promissory estoppel claim, i.e., of an agreement in writing, ready to be signed, at the time the oral promise was made.  *Hurd*, 880 F. Supp. 2d at 764-65 (A promissory estoppel argument fails unless the promisee shows that the promisor promised to sign a written agreement that complies with the statute of frauds and that the agreement was in writing at the time the oral promise to sign was made.), *citing Schuhart*, 2006 WL 1897263, at *4, *citing Nagle*, 633 S.W. 2d 796,, and *Southmark Corp.*, 851 F.2d at 769.  Thus this claim must be dismissed.

right to reinstate the loan after it was accelerated even if foreclosure proceedings were instituted, but Davidson did not take advantage of that right.

This Court observes that any allegation by Davidson that Chase promised it would offer a modification or represented that it would foreclose on her property also fails to state a negligent misrepresentation claim because negligent misrepresentation does not cover a promise of a future act at the time when it was made.  *See, e.g., Massey v. EMC Mortg. Corp.*, 546 Fed. Appx. 477, & n.5  (5th Cir. Nov. 5, 2023), *citing Edwards v. Ocwen Loan Servicing, LLC*, No. 9:10-CV-89, 2012 WL 844396, at *6 (E.D. Tex. Mar. 12, 2012)(holding that plaintiff did not state a viable claim for negligent representation because the alleged misrepresentation--the mortgage servicer would not foreclose on the property while plaintiff's loan modification application was pending-- was a promise of future conduct).

In addition this Court finds that Davidson fails to state a tort claim for unjust enrichment because the Note (#10-1, Ex. A) and Deed of Trust (#9-1, Ex. A, ¶ 2) authorize her continued obligation for alleged late fees, penalties and related fees, as she concedes (#11 at p. 16), and thus the claim arises from the contract under the economic loss rule.  Because unjust enrichment sounds in a quasi-contract or contract implied in law, there can be no recovery if the same subject matter is covered by an express Deed of Trust.  *Baxter v. PNC Bank Nat. Ass'n*, 541 Fed. Appx. 395, 397 (5th Cir. Sept. 26, 2013), *citing Fortune Prod. Co. v. Conoco Inc.*, 51 S.W. 3d 671, 684 (Tex. 2000).  Furthermore, "Texas courts have not recognized a claim for unjust enrichment as an independent cause of action, but have recognized that . . . a lawsuit for restitution or a lawsuit seeking the imposition of a constructive trust may be raised on the theory of unjust enrichment."  *Id.*, n.2, *citing Mowbray v. Avery*, 76 S.W. 3d 663, 679-80 (Tex. App.--

Corpus Christi 2002, pet. denied)[16]; *Hancock v. Chicago Title Ins. Co.*, 635 F. Supp. 2d 539, 560 (N.D. Tex. July 9, 2009).  Moreover, "[t]here can be no recovery based on [unjust enrichment] when the same subject matter is covered by an express contract."  *Baxter v. PNC Bank Nat. Ass'n*, 541 Fed. Appx. 395 397 (5th Cir. Sept. 26, 2013), *citing Fortune Prod. Co. v. Conoco Inc.*, 52 S.W. 3d 671, 684 (Tex. 2000).  Here the alleged increase in payment is the same subject matter covered by ¶ 2 of the Deed of Trust, and thus the claim should be dismissed with prejudice.  *Uzodinma v. JP Morgan Chase Bank, N.A.*, Civ. A. No. 3:13-CV-5010-L, 2014 WL 4055367, at *7 (N.D. Tex. Aug. 14, 2014, *citing id.*

Chase also objects to the Magistrate Judge's decision to allow to go forward Davidson's claim that she was damaged by Chase's wrongful reporting of her missed loan payments to credit agencies because the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* preempts this claim, grounded in a state statute, and therefore this allegation cannot give rise to a claim under the TDCA.  15 U.S.C. § 1681t(b)(1)(F).  The Court agrees, at least with respect to preemption of state **statutory** law, including the TDCA.  The cases in the Fifth Circuit that the Court has found addressing this issue support Chase's position.  *See, e.g., Davis v. Wells Fargo Bank, N.A.*, 976 F. Supp. 2d 870, 882-83 (S.D. Tex. 2012)("[A] state law claim based on defendant's conduct in furnishing inaccurate information to a consumer reporting agency is preempted by the FRCA."), *citing Ayers v. Aurora Loan Servs., LLC*, 787 F. Supp. 2d 451, 457 (E.D. Tex. 2011)("The FCRA includes a strong preemption clause that states, '[N]o requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibilities of persons who

---

[16] Texas courts do allow such a claim if there were overpayments, but here there is no dispute that Plaintiff never paid them.  *Id.*, at n.3, *citing Sw. Elec. Power Co. v. Burlington N.R.R. Co.*, 966 S.W. 2d 467, 469-70 (Tex. 1998)(holding that a claim for restitution based on a theory of unjust enrichment was invalid absent any overcharges on the contract).

furnish information to consumer reporting agencies.' 15 U.S.C. § 1681t(b)(1)(F)."); *Pachecano v. JPMorgan Chase Bank, Nat. Ass'n*, No. SA-11-CV-00805-DAE, 2013 WL 4520530, at *4-6 (W.D. Tex. Aug. 26, 2013), *appeal dismissed*, No. 13-50883 (5th Cir. Jan. 13, 2014); *Shaunfield v. Experian Information Solutions, Inc.*, 991 F. Supp. 2d 786, 800-02 (N.D. Tex. 2014).  *See also* Tracy Bateman Farrell, J.D., *Preemption of State Law by Fair Credit Reporting Act*, 8 A.L.R. Fed. 2d 233 (2006, database updated weekly); D. Duff McKee, *Liability for Supplying False Information to Credit Reporting Agency*, 45 AMJUR POF 3d 221, § 2 (Applicability of Fair Credit Reporting Act) (database updated Sept. 2014).

Nevertheless, "Texas law recognizes damages for 'loss of credit,' which are 'recoverable as actual damages in a suit where damage to credit was the necessary and usual result of the defendant's actions."  *Davis v. Wells Fargo Bank, N.A.*, 976 F. Supp. 2d at 883 (rejecting preemption defense as a ground for Rule 12 dismissal because--even if unsuccessful--it would not warrant dismissal of the claim but only limit damages."), *on reconsideration on other grounds*, 2014 WL 585403 (S.D. Tex. Feb. 14, 2013), *citing EMC Mortg. Corp. v. Jones*, 252 S.W. 3d 857, 872-73 (Tex. App.--Dallas 2008)("Loss of credit is recoverable as actual damages in a suit where damage to credit was the necessary and usual result of the defendant's actions. . . . . To recover actual damages for loss of credit reputation, a plaintiff must show that a loan was actually denied or a higher interest rate was changed.  There must be  a showing of injury, as well as proof of the amount of that injury." [citations omitted]), and *Mead v. Johnson Group, Inc.*, 615 S.W. 2d 685, 688 (Tex. 1981).  Davidson has not pleaded a claim for loss of credit reputation and the Court does not know if she is able to, but grants leave to amend to do so if she chooses.

Regarding Davidson's allegation that Chase "unlawfully" changed the locks on her home,

Chase objects not only that it is conclusory, but argues that Davidson does not allege that Chase unlawfully kept her from remaining in her home.  Rather, Chase insists, Davidson voluntarily abandoned the home.  This Court agrees with Chase that the Deed of Trust expressly empowers Chase "to take reasonable action to protect and preserve . . . vacant or abandoned property." Finding that the parties appear to disagree about whether Chase intentionally and illegally barred Davidson from remaining in her home after August 2011, the fact is that she moved out and left it vacant.  Plaintiff has not pleaded facts showing that Chase's action was unreasonable under the circumstances, but may be able to.  There also remains an issue of material fact whether Chase intentionally required her to move out of her home and/or intentionally omitted telling her, i.e., deliberately withheld information from her, that it did not foreclose on her property in order to keep her out of the home and build up fees, taxes, interest, etc. that she was required to pay by the Note and Deed of Trust.  The Court finds that granting the motion for leave to amend is appropriate with regard to these allegations.

The Court agrees with Chase and disagrees with the Magistrate Judge that Davidson has not fully met Rule 9(b)'s heightened pleading requirements. e.g., identified the names of Chase's employees, the places and times when she spoke to each and the content of each purported fraudulent representation, though she has indicated Chase's allegedly fraudulent omission, i.e., failure to tell her that the foreclosure was never executed.  These shortcomings may be curable now that Davidson has had the advantage of additional discovery.  Thus the Court grants leave to Davidson to amend her fraud claim if she chooses.

Thus in sum, for the reasons stated above, the Court

ORDERS that Chase's motion to dismiss is GRANTED as to the following claims but otherwise DENIED:  breach of contract; coercion/duress and the TDCA; statutory fraud under

Texas Business and Commerce Code § 27.01(s); unjust enrichment; and negligent misrepresentation.  Davidson's motion for leave to amend is GRANTED with regard to her claims of fraud and/or intentional misrepresentation, unlawful possession of Davidson's property without foreclosure, and loss of credit reputation, but otherwise DENIED.  Davidson shall file an amended complaint within twenty days of issuance of this Opinion and Order or inform the Court that she chooses not to do so.

SIGNED at Houston, Texas, this 29th day of September, 2014.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE